UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRENDA DUARTE,<br><br>    Plaintiff,<br><br>v.<br><br>GENERAL REVENUE CORPORATION,<br><br>    Defendant. | No. 17 C 2754<br><br>Judge Thomas M. Durkin |

**MEMORANDUM OPINION AND ORDER**

Brenda Duarte alleges that General Revenue Corporation violated the Fair Debt Collection Practices Act ("FDCPA") by sending her certain communications regarding a debt. General Revenue has moved to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). R. 35. For the following reasons, that motion is granted.

**Legal Standard**

A Rule 12(b)(6) motion challenges the sufficiency of the complaint. *See, e.g., Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). A complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), sufficient to provide defendant with "fair notice" of the claim and the basis for it. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While "detailed factual allegations" are not required, "labels

and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Mann v. Vogel*, 707 F.3d 872, 877 (7th Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678). In applying this standard, the Court accepts all well-pleaded facts as true and draws all reasonable inferences in favor of the non-moving party. *Mann*, 707 F.3d at 877.

**Analysis**

Now on her second amended complaint, Duarte alleges that General Revenue sent her a debt collection letter on behalf of DePaul University that included the following sentence: "Please be aware the balance may change due to payments you made or other adjustments made by your creditor." R. 32-1 at 7.[1] Duarte argues that this statement violated the FDCPA because it was false in violation of § 1692e(2)(A), and because it constituted a "threat to take any action . . . that is not intended to be taken," in violation of § 1692e(5).

The letter also included a balance statement showing "current principal" of "3228.00"; "current interest" of "0.00"; "current collection cost balance" of "0.00"; and "current interest rate" of "0.00%". Duarte argues that this statement is also false in

---

[1] Duarte alleges that DePaul made the loan for tuition. R. 32 ¶ 11.

violation of § 1692e(2) and a threat of action "not intended to be taken" in violation of § 1692e(5).

Under 15 U.S.C. § 1692e, a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." "[A] determination of whether a statement is false, deceptive or misleading . . . under the FDCPA . . . is a fact-bound determination of how an unsophisticated consumer would perceive the statement." *Marquez v. Weinstein, Pinson & Riley, P.S.*, 836 F.3d 808, 812 (7th Cir. 2016). The Seventh Circuit has "cautioned . . . that in determining whether a statement is . . . misleading, a district court must 'tread carefully' because district judges are not good proxies for the 'unsophisticated consumer' whose interest the statute protects." *Id.* "Accordingly, Rule 12(b)(6) dismissal on that issue is appropriate only if there is no set of facts consistent with the pleadings under which the plaintiffs could obtain relief." *Id.*

I. **Whether the Statement Regarding "Adjustment" is Plausibly False in Violation of § 1692e(2)**

Duarte has failed to plausibly allege that the statement regarding "adjustments" is false. Duarte makes the following relevant allegations: "The balance of the alleged [debt] would not change because of adjustments made by the creditor," R. 32 ¶ 19; "In fact, the balance on the alleged debt has never changed, despite Defendant's suggestion to the contrary," *id.* ¶ 22; "In fact, no interested or collection costs were ever going to be assessed on the alleged debt," *id.* ¶ 26. Duarte, however, does not allege that her creditor is prohibited from making "adjustments"

3

to her balance. Absent such an allegation, Duarte has failed to allege the falsity of the statement that her loan balance may be adjusted by her creditor.

Duarte argues that the statement is false based on General Revenue's statement in an earlier filing in this case that Duarte's "account was not accruing interest or other charges." R. 18 at 10. But again, this statement does not assert that it was impossible for Duarte's account to accrue interest or charges, and it says nothing about "adjustments" generally. This statement from General Revenue's earlier brief, to the extent it can be considered an admission, does not undermine the veracity of the statement in the letter it sent Duarte.

For these reasons, General Revenue's motion to dismiss Duarte's claim under § 1692e(2)(A) with respect to the "adjustments" statement is granted, and that claim is dismissed.

## II. Whether the Statement Regarding "Adjustments" is Plausibly a Threat to Take Action General Revenue Never Intended to Take in Violation of § 1692e(5)

Duarte also argues that the statement violates § 1692e(5) because it constitutes a threat to make "adjustments" to her loan balance, which General Revenue never intended to do. A "threat, in the broadest sense, involves a declaration of an intention to take some action." *St. John v. Cach, LLC*, 822 F.3d 388, 390-91 (7th Cir. 2016). Under § 1692e(5), "a threat need not be express: it can be implied." *Gonzales v. Arrow Fin. Servs.*, 660 F.3d 1055, 1064 (7th Cir. 2011). Thus, "a threat can be stated in noncommittal terms and still run afoul of the FDCPA." *Haddad v. Midland Funding, LLC*, 255 F. Supp. 3d 735, 745 (N.D. Ill.

4

2017) (citing *Ruth v. Triumph P'ships*, 577 F.3d 790, 799-802 (7th Cir. 2009) (holding that the statement that "we *may* collect and/or share all the information we obtain in servicing your account" was a threat under § 1692e(5), where the defendant could not legally share the plaintiff's personal information) (emphasis added); *Gonzales*, 660 F.3d at 1062, 1064 (holding that the statement that a "negative credit report reflecting on your credit record *may* be submitted to a credit reporting agency" was a threat under § 1692e(5), where the defendant did not intend to make reports to a credit bureau and was legally prohibited from doing so)).

Although the statement in General Revenue's letter is plausibly a "threat," Duarte has failed to sufficiently allege that her creditor (whether General Revenue or DePaul) did not intend to follow through on that threat. Duarte argues that her creditor never intended to adjust the loan balance based on her allegation that "the balance of the alleged debt has never changed." R. 42 at 13. But that allegation does not plausibly indicate that her creditor did not intend to adjust the loan balance. It does not follow that because an event has not happened in that past that it will never happen, absent some additional impediment suggesting its impossibility. Duarte has alleged no such impediment to her creditor making an adjustment. Absent such a factual basis, Duarte's bare allegation is insufficient to plausibly infer intent. *See St. John*, 822 F.3d at 390 (in the context of a § 1692e(5) claim, the debtor's "assertion that [the creditor] filed suit without intending to go to trial [was] based on speculation," and was "not a well-pleaded factual allegation supporting a

plausible claim to relief"). Therefore, General Revenue's motion to dismiss Duarte's claim under § 1692e(5) with respect to the "adjustment" statement is granted, and that claim is dismissed.

### III. Whether the Balance Information is Plausibly False or a Threat in Violation of §§ 1692e(2) and 1692e(5)

#### A. False Statements Under § 1692e(2)

Duarte does not actually allege that the balance statements are false. Rather, she alleges that the balance statements imply that "interest and collection costs could accrue," and that statement is false. R. 42 at 13. The Court cannot see how the balance statements could possibly be understood to imply that interest or costs could accrue. The statement says the interest rate is 0%. Duarte does not challenge the veracity of this statement, and a statement that the interest rate is zero cannot possibly imply that interest could accrue.

With regard to costs, the balance statement says only that the "current cost balance" is zero. The Court agrees with Duarte that this statement could plausibly imply that costs might accrue in the future, otherwise such a column would be unnecessary. But Duarte does not allege that the terms of her loan prohibited the lender from charging any costs. Absent such an allegation, the implication that costs could accrue cannot be false.

#### B. Threats Under § 1692e(5)

Similarly, stating that the current interest balance, current cost balance, and interest rate are all zero is not an empty threat to charge interest or costs in the future. Clearly, a statement that the interest rate is zero cannot possibly be a threat

6

to charge interest. Quite the contrary, it is more a concession that interest can't and won't be charged.

By contrast, a cost balance of zero could imply future cost charges. But Duarte has not alleged that her creditor never intended to charge costs. Certainly, if the terms of Duarte's loan provided for circumstances under which costs could accrue, the creditor would likely impose those costs if and when those circumstances arise. As discussed, Duarte has not alleged that costs were prohibited by the terms of her loan. Absent such an allegation, she cannot competently allege that her creditor never intended to assess costs.

Duarte cites a number of cases in support of her claims. Most of these cases either address provisions of the FDCPA not at issue here, *see Chuway v. Nat. Action Fin. Servs., Inc.*, 362 F.3d 944, 944-47 (7th Cir. 2004) (whether the letter accurately conveyed "the amount of the debt" in compliance with § 1692g); *Balke v. Alliance One Receivables Mgmt., Inc.*, 2017 WL 2634653, at *5 (E.D.N.Y. June 19, 2017) (alleged deception regarding the amount of the debt); or concern language in debt collection letters that is not analogous to the statements at issue here, *see Beauchamp v. Fin. Recovery Servs., Inc.*, 2011 WL 891320, at *2 (S.D.N.Y. Mar. 14, 2011) (plaintiff alleged that defendant's debt "never var[ied] from the date of issuance," so defendant's statement that the balance "may" change was allegedly false).

One case, *Tylke v. Diversified Adjustment Service, Inc.*, analyzed whether language similar to that at issue here could "possibly mislead or deceive the

unsophisticated consumer." 2014 WL 5465173, at *3 (E.D. Wis. Oct. 28, 2014). In *Tylke*, the debt collector's letter stated, "The above balance due includes a . . . Collection Fee of $0.00." *Id.* at *1. The court in *Tylke*, however, did not discuss whether the plaintiff had alleged whether a "collection fee" could ever be assessed. Absent such information about the pleadings in that case, it does not persuasively counter the Court's reasoning here.

Therefore, Duarte's claims regarding the balance statement are dismissed.

## Conclusion

For the foregoing reasons, General Revenue's motion to dismiss, R. 35, is granted, and Duarte's claims are dismissed without prejudice. Despite the fact that Duarate has already amended her complaint twice, the Court will permit Duarte to amend her complaint in light of this opinion by December 20, 2017, if she can allege, consistent with Rule 11, that the terms of her debt do not legally permit "adjustments" or "costs." Absent such amendment, the dismissal of her claims will become with prejudice the next day.

ENTERED:

*Thomas M Durkin*

Honorable Thomas M. Durkin
United States District Judge

Dated: November 15, 2017

8